IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFF CREWS, | * | |
| Petitioner | * | |
| v | * | Criminal Case No.: GJH-15-0393 |
| | | (Related Civil No.: GJH-19-2349) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Jeff Crews filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 545. Respondent filed an answer asserting, *inter alia*, that the motion is time-barred. ECF No. 608. Crews replied. ECF No. 630. For the reasons stated below, the motion to vacate must be dismissed as untimely.

### I. BACKGROUND

On July 13, 2015, Crews was charged in an Indictment with Conspiracy to Participate in a Racketeering Enterprise ("RICO Conspiracy"), in violation of 18 U.S.C. § 1962(d), for his leadership role in an organization which engaged in a pattern of racketeering activity. *See* Indictment, ECF No. 1. On October 5, 2016, Crews pled guilty to a two-count Superseding Information (ECF No. 296), pursuant to a written plea agreement. Plea Agreement, ECF No. 301. The Superseding Information charged Crews with RICO Conspiracy (Count One) and Aggravated Identity Theft (Count Two), in violation of 18 U.S.C. § 1028A, with the underlying crime being RICO Conspiracy. *See id.* Crews entered his plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

In the stipulation, the parties agreed that, "regardless of the final applicable guidelines range, a sentence **between 96 months and 120 months of imprisonment on Count One and a**

**mandatory consecutive sentence of 24 months of Imprisonment on Count Two** in the custody of the Bureau of Prisons . . . is the appropriate disposition." ECF No. 301 ¶10 (emphasis in original). A U.S. Probation Officer submitted a Pre-Sentencing Report ("PSR") concluding that the advisory guideline stipulations were applicable. PSR, ECF No. 350.

At sentencing, Crews, who was represented by counsel, agreed with the advisory guidelines determination in the PSR and had no objections. Sentencing Transcript, ECF No. 608-1 at 4. The Court then adopted the factual findings and guideline calculations of the PSR, finding that the guideline range was 96 to 120 months for Count One and 24 months for Count Two, based on Crews's non-career final offense level of 28 and criminal history category of III. Statement of Reasons, ECF No. 399. On January 31, 2017, the Court sentenced Crews to 97 months as to Count One, and 24 months as to Count Two, to run consecutive to Count One, for a total term of 121 months' imprisonment. *See* Judgment, ECF No. 398. Crews did not appeal his conviction or sentence. *See* Petition, ECF No. 545 at 1.

On December 10, 2018, Crews filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 545. He alleges that his sentence should be vacated in light of the disparity between the sentences that he and his co-defendants received, and that the Court erred in imposing a 14-level enhancement. *Id.* at 3-9. Crews also claims that the motion is timely under 28 U.S.C. § 2255(f)(4).

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to a motion under this section. Under the provisions of 28 U.S.C. § 2255(f), the limitation period of one year runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Notably, however, "the one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  But, to be entitled to equitable tolling, Crews must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay.  *See Harris*, 209 F.3d at 330.  Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**III.    ANALYSIS**

Here, criminal judgment was entered on February 1, 2017, ECF No. 398, and Crews did not file an appeal, *see* ECF No. 545.  When a petitioner does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires.  *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").  Pursuant to Rule 4(b)(1) of the Federal Rules of Appellate Procedure, Crews' deadline for noting an appeal was February 15, 2017.  As a result, the

limitations period would have expired one year later, on February 15, 2018.  Crews, however, did not file the instant motion until December 6, 2018.

In his response, Crews has not alleged any basis for equitable tolling of the filing deadline. As respondent notes, Crews' arguments are based solely on disputes over the applicability of various sentencing guidelines enhancements that were stipulated in the plea agreement.  *See* ECF No. 608 at 5; ECF No. 630.  Having failed to establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay, Crews' motion is subject to dismissal as untimely.

### IV.     CERTIFICATE OF APPEALABILITY

When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Based on the foregoing analysis, a certificate of appealability shall not issue.

8/29/2020                                             /s/_____
Date                                                     GEORGE J. HAZEL
                                                             United States District Judge

4